UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRUCE ERVIN TURNER,

    Plaintiff,

    v.

WELLS FARGO BANK and FEDERAL DEPOSIT INSURANCE CORPORATION,

    Defendants.
_____/

No. C 05-1126 MHP

**MEMORANDUM & ORDER**
**Re: Plaintiff's Motion to Remand; Defendants' Motions to Dismiss**

    On July 21, 2004, plaintiff Bruce Ervin Turner, proceeding pro se, filed a complaint in San Francisco County Superior Court against Wells Fargo Bank ("Wells Fargo") and Federal Deposit Insurance Corporation ("FDIC") alleging negligence against both defendants. FDIC removed the action to this court on March 18, 2005. Now before the court are plaintiff's motion to remand, defendant FDIC's motion to dismiss, and defendant Wells Fargo's motion to dismiss or to strike. Having considered the arguments presented and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND[1]

    On February 14, 2002, Wells Fargo accepted for deposit into account No. 2018095406 a federal tax refund check made payable to plaintiff. At no time has plaintiff had an account at Wells Fargo, nor has he transacted any business with it. As a result, plaintiff allegedly lost $1400. After discovering that loss, plaintiff commenced this action in San Francisco County Superior Court on July 21, 2004, alleging that Wells Fargo negligently allowed the check to be deposited and that FDIC

is liable for Wells Fargo's negligence.  Plaintiff seeks to recover $1400 in compensatory damages and $50,000 in exemplary damages.  FDIC received the complaint in August 2004, when plaintiff delivered it via ordinary mail to FDIC's San Francisco office.  FDIC's Opp'n., Exh. A.

On March 18, 2005, FDIC removed the state action to this court pursuant to 12 U.S.C. § 1819(b)(2).  Not. of Removal.  On April 12, 2005, Wells Fargo moved to dismiss, arguing that plaintiff's negligence claim is time-barred under California Code of Civil Procedure § 335.1 and that, in any event, the complaint should be dismissed on the merits because Wells Fargo does not owe a duty of care to plaintiff.  In the alternative, Wells Fargo moves to strike plaintiff's claim for exemplary damages.  FDIC subsequently filed its own motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6).  Plaintiff has twice filed "objections" to FDIC's notice of removal on the basis that FDIC failed to file the notice in a timely manner.  Because plaintiff is proceeding pro se, the court construes his motion as a motion to remand.  The court will address plaintiff's motion first, as it goes to the court's jurisdiction to entertain this action.

LEGAL STANDARD

I.  Motion to Remand

As a general rule, an action is removable to a federal court only if it might have been brought there originally.  28 U.S.C. § 1441(a).  The notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court."  28 U.S.C. § 1446(b).  In addition to the general removal rule, FDIC has broader removal rights under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA").  See 12 U.S.C. §1819(b)(2); Bullion Servs., Inc. v. Valley State Bank, 50 F.3d 705, 708 (9th Cir. 1995).  The Act provides, subject to several exceptions not relevant here, that "all suits of a civil nature . . . to which [FDIC] . . . is a party shall be deemed to arise under the laws of the United States."  12 U.S.C. §1819(b)(2)(A).  The Act further provides that FDIC may remove a state action to a federal court within ninety days of either the date an action, suit, or proceeding is filed against FDIC or the date FDIC is substituted as a party.  See 12 U.S.C. §1819(b)(2)(B); Bullion Servs., 50 F.3d at 708.

1   As is the case with an action removed under 28 U.S.C. § 1441(a), the appropriate procedural vehicle for challenging the propriety of removal under FIRREA is a motion to remand filed pursuant to 28 U.S.C. § 1447. See 28 U.S.C. § 1447. Under section 1447, a plaintiff may move to remand the case to the state court from which it was removed on the ground that the court lacks subject matter jurisdiction; or alternatively, on the basis of a defect in the removal procedure. 28 U.S.C. § 1447(c). However, "[a] motion to remand based on a defect in removal procedure must be filed within 30 days after the notice of removal is filed." Northern Cal. Dist. Council of Labor v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995) (citing 28 U.S.C. § 1447(c)). Consequently, a district court has no authority to remand the case to the state court based on a procedural defect if that defect is raised for the first time more than thirty days after the filing of the notice of removal. See id. at 1038.

II.   Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court need not accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact, or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

DISCUSSION

I.   Motion to Remand

As noted above, a plaintiff in any action removed from state court can move to remand that action based on procedural defects in removal or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Because FDIC is a party and none of the exceptions listed in 12 U.S.C. § 1819(b)(2)(D)

apply,[2] subject matter jurisdiction is clearly proper in this action. See Bullion Servs., 50 F.3d at 707. Nonetheless, plaintiff argues that the action must be remanded to state court because FDIC's notice of removal was untimely filed. Specifically, plaintiff contends that FDIC was served with a copy of the summons and complaint via United States Mail in August 2004 but did not file the notice of removal until March 18, 2005, well after the thirty-day limitation period imposed by 28 U.S.C. § 1446(b) had expired. According to plaintiff, this warrants remanding the instant action to San Francisco County Superior Court.

Whatever the merits of this argument might be, the court need not consider them here because plaintiff's motion to remand is itself untimely. Under Ninth Circuit law, a district court has no authority to remand a case to state court based on "a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal." Northern Cal. Dist. Council of Labor, 69 F.3d at 1037 (applying 28 U.S.C. § 1447(c)). Here, FDIC filed the notice of removal on March 18, 2005, and plaintiff first "objected to" FDIC's notice of removal on May 11, 2005, more than thirty days after that notice was filed. Thus, even if the court construes plaintiff's "objection" as a motion to remand, it nonetheless remains the case that the court has no authority to remand this action to state court. See id. The court therefore denies plaintiff's motion to remand.

## II. FDIC's Motion to Dismiss

In light of the court's conclusion that the instant action is properly before it, the court must consider FDIC's motion to dismiss. The theory of plaintiff's case against FDIC appears to turn on FDIC's breach of its duties as a provider of deposit insurance for Wells Fargo's account holders. However, there is no dispute that plaintiff never had an account with Wells Fargo. Moreover, FDIC does not insure account holders against a bank's negligence. See In re Collins Sec. Corp., 998 F.2d 551, 555 (8th Cir. 1993). As the Eighth Circuit has observed, "deposit insurance protects depositors from loss due to the bank's insolvency, not loss from the bank's pre-insolvency mistakes, which is frequently covered by errors and omissions insurance." Id. Consequently, FDIC cannot be held liable for the loss that plaintiff alleges in his complaint. Furthermore, there is nothing in plaintiff's complaint to suggest that there is any cognizable legal theory under which he could possibly recover damages from FDIC. Thus, seeing that granting plaintiff leave to amend his complaint would be

4

1  futile, the court dismisses plaintiff's claim against FDIC with prejudice.

2  Having concluded that plaintiff's claim against FDIC must be dismissed, the sole issue remaining before the court is whether plaintiff can state a claim for negligence against Wells Fargo. While the court has supplemental jurisdiction to entertain this state law claim under 28 U.S.C. § 1367(a), it may in its discretion decline to exercise its jurisdiction over such a pendent state law claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). In exercising its discretion under section 1367(c)(3), the district court must be informed by the objectives of judicial economy, convenience, fairness, and comity that underlie the supplemental jurisdiction statute. See Executive Software N. Am., Inc. v. United States Dist. Court, 24 F.3d 1545, 1557 (9th Cir. 1994). Applying these criteria to plaintiff's negligence claim against Wells Fargo, the court notes that the instant action remains at the beginning stage of the proceedings and that plaintiff initially sought to litigate his claims in state court. The court therefore finds that remand of plaintiff's remaining state law claim to San Francisco County Superior Court is warranted and will enter an order accordingly.

CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is DENIED with regard to defendant FDIC, and plaintiff's claim against FDIC is DISMISSED WITH PREJUDICE. Plaintiff's remaining state law claim against Wells Fargo is REMANDED to San Francisco County Superior Court. Wells Fargo's motion to dismiss is DENIED without prejudice to refiling in state court. The Clerk of Court shall transmit forthwith a certified copy of this order to the Clerk of the Superior Court of the County of San Francisco and close this file.

IT IS SO ORDERED.

Date:  August 4, 2005

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

## ENDNOTES

1. Unless otherwise noted, all facts herein have been taken from the plaintiff's complaint.

2. Under 12 U.S.C. § 1819(b)(2)(D), there are three limited exceptions to the general rule that any action in which the FDIC is a party may be removed to the district court, stating that:

> Except as provided in subparagraph (E), any action
>
> (i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
> (iii) in which only the interpretation of the law of such State is necessary,
>
> shall not be deemed to arise under the laws of the United States.

12 U.S.C. § 1819(b)(2)(D).